*Decision will be entered under Rule 50.*

BELLE GOLDSTINE FRANKEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111676. Promulgated February 9. 1944.

*A. F. Schaetzle, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

MELLOTT, *Judge*: The Commissioner determined deficiencies in income tax for the calendar years 1938 and 1939 in the respective amounts of $548.10 and $363.93. Petitioner alleges that there are no deficiencies

in tax and that she has overpaid her taxes in the respective amounts of $4,675.16 and $4.691.48.

The four assignments of error set out in the petition raise two questions, one of which has been settled by the parties. The sole issue to be decided is whether any amount is to be included in petitioner's gross income in connection with amounts received by her from a testamentary trust, created under the will of her husband.

All of the facts have been stipulated and are found accordingly. Effect will be given to the agreement of the parties anent the dividends in the settlement under Rule 50. Briefly it is that the correct amounts of dividends received from the Harris-Emery Co. by petitioner and the testamentary trust are as follows:

| Year | Dividends received | |
| --- | --- | --- |
| | By petitioner | By testamentary trust |
| 1938 | $1,317.41 | $715.87 |
| 1939 | 1,692.87 | 919.89 |

rather than the amounts shown in the returns or in the notice of deficiency.

Summarizing the facts applicable to the issue to be decided, petitioner, a resident of Des Moines, Iowa, filed her returns for the calendar years with the collector of internal revenue at Des Moines. She is the widow of Nathan Frankel, who died testate in 1935, a resident of Des Moines. She elected to take under his will.

Frankel, in his will, created a trust, to which he gave "all the rest, residue and remainder" of his property after making several specific bequests. He named his wife, his brother Henry, and his brother-in-law Moie Cook and their successors in trust as trustees. The trust is to continue during his wife's (petitioner's) lifetime "and thereafter to be closed as soon as practicable, but not later * * * than one year after" her death.

The trustees are given the power to hold, possess, invest, and reinvest the trust property and to demand and receive all income or profits therefrom.

Item XII of the will (article or paragraph 4 of the trust) provides as follows:

The net income derived from my said Trust property and estate shall be used, applied and distributed by my said Trustees as follows:

*First:* To the payment of expenses, incidental to the protection and care, insurance, county, city. state and federal taxes, repair and maintenance of said trust property and the cost of the proper administration of the Trust Estate.

*Second:* For and during the period of her natural life, my said Trustees shall pay to my Sister, Henrietta Frankel Pfeifer, if she shall survive me, the sum of One Hundred Dollars ($100.00) per month.

*Third:* For and during the period of her natural life, my said Trustees shall pay to my beloved wife, Belle G. Frankel, if she shall survive me, all the rest, residue and remainder of the said net income derived from said Trust Property and Estate in such installments and at such times as my said wife may request, provided, however, and it is my will that in any event my wife shall have and enjoy during each year of her natural life, a net income which together with the net annual income of her own property, shall be not less then Twenty Thousand Dollars ($20,000.00) per annum and should the net income in any one year to which my said wife may be entitled to receive from my Trust Estate, when added to the net annual income of her own property, be less than Twenty Thousand Dollars ($20,000.00), then the net income for that year shall be augmented, if my wife shall so request, by adding thereto from the principal of any said Trust Estate such amount or amounts as may be necessary to produce the sum of Twenty Thousand Dollars ($20,000.00), which shall be paid to my beloved wife as above provided.

In accordance with the will, the trustees named therein duly qualified as such and have administered its affairs according to the provisions thereof.

On March 15, 1939, petitioner filed a Federal income tax return for the calendar year 1938 showing taxable net income in the amount of $35,660.33 and paid a tax in the sum of $5,298.46. The return reports income from the trust in the sum of $18,265.08 and also shows dividends in the sum of $22,913.90. For the year 1939 petitioner filed a return showing taxable net income in the amount of $35,842.82 and paid a tax in the sum of $5,319.87. The return reports income from the trust in the sum of $18,985.20 and also shows dividends in the sum of $21,503.81. Returns were filed by the trust showing the payment to petitioner of the same sums as reported by her and the payment of $1,200 during each year to Henrietta F. Pfeifer. The parties are now in agreement that the correct net income of the trust for the years 1938 and 1939 is $21,756.70 and $22,348.84, respectively, and, after deducting therefrom the sum of $1,200 paid in each year to the settlor's sister, who was living throughout the two years, there remain the respective amounts of $20,556.70 and $21,148.84 distributed to petitioner. The difference between the latter amounts and the amounts reported ($35,660.33 less $20,556.70 and $35,842.82 less $21,148.84) or $15,103.63 and $14,693.98 represent the net income received by petitioner from her own property, i. e., from sources other than the trust.

Additional tax was assessed against, and paid by, petitioner on November 13, 1940, in the amount of $1,172.93 for 1938 and $934.81 for 1939. Claims for refund in the amount of $4,694.98 and $4,691.48 for the years 1938 and 1939 were filed on March 3, 1941. No specific denial of either has been made except as may be covered by the deficiency notice. Notice of deficiency was dated April 16, 1942, and petition was filed herein on June 25, 1942. All payments of tax were made within three years before the claims for refund were filed.

Consents or waivers, extending the period for assessment of additional income tax against the trust, have been signed by the trustees.

As indicated at the outset the question is whether the payments made by the trustees of the trust created by the decedent to his widow constitute or represent income currently distributable to her, or annuities payable at all events. If the former, then the deficiencies are approximately the amount determined; but if the latter, then overpayments in approximately the amounts shown in the claims for refund have been made. The applicable statutes are shown in the margin.[1]

Respondent contends that since the trustees were bound to distribute to petitioner all of the residue of the net income of the trust after the payment of $1,200 to decedent's sister, she was merely a beneficiary under the will and the amount distributable to her should be included in computing her net income. Petitioner contends that under the terms of the testamentary trust she is guaranteed an annual payment of $20,000; that this constitutes a constant "threat of corpus invasion"; and, therefore, that she takes as an ordinary legatee and not as an income beneficiary under the will.

Respondent relies on *Helvering* v. *Butterworth*. 290 U. S. 365, and related cases.[2] Petitioner relies on *Helvering* v. *Pardee*, 290 U. S. 365, and other cases applying its rationale.[3]

The *Butterworth* and *Pardee* cases arose under section 219 of the Revenue Act of 1924, which, in so far as material here, is identical with section 162 of the Revenue Act of 1938. In the former case Butterworth, after making certain bequests in his will, gave the residue of his estate to trustees with direction to pay the net income to the widow. She elected to take under the will. The trustees claimed the right to deduct from trust income the payments made to the widow. The

---

[1] Revenue Act of 1938—
SEC. 22. GROSS INCOME.
* * * * * *
(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this title :
* * * * * *
(3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income) ;
* * * * * *
SEC. 162. NET INCOME.
The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—
* * * * * *
(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

[2] *Annie G. Atwood*, 29 B. T. A. 740 : *Francis Ernest Drake, Executor*, 30 B. T. A. 461; *Mary Louise Bok*, 32 B. T. A. 362 : *John K. Howard*, 34 B. T. A. 57 ; *William H. Cowles, Jr.* (Ct. Cls., 1943), 50 Fed. Supp. 242.

[3] *Burnet* v. *Whitehouse*; 283 U. S. 148 ; *Holcombe* v. *United States*, 41 Fed. Supp. 471; *Gammons* v. *Hassett*, 121 Fed. (2d) 229 ; *Bush* v. *Commissioner*, 89 Fed. (2d) 596 ; *Union Trust Co. of Pittsburgh* v. *Commissioner*, 115 Fed. (2d) 86.

Commissioner denied the deduction. It was argued that the widow, by relinquishing her statutory rights, came to occupy the position of the purchaser of an annuity. *Warner* v. *Walsh*, 15 Fed. (2d) 367; *United States* v. *Bolster*, 26 Fed. (2d) 760; and *Allen* v. *Brandeis*, 29 Fed. (2d) 363, were cited in support of the argument. The Supreme Court refused to accept the reasoning advanced to support the three cases and observed that the evident purpose of the statute was to tax the whole income of all trust estates. If nothing was payable to beneficiaries, the income without deduction was assessable to the fiduciary; but he was entitled to credit for any sum paid to a beneficiary within the intendment of that word. A widow who accepts the provisions of her husband's will and receives a part or all of the income from an established trust in lieu of her statutory rights was said by the Court to be "a beneficiary within the ambit of the statute" and hence she is taxable on the amount paid to her.

In the *Pardee* case the testator in his will gave his wife an annuity of $50,000, payable at all events. She elected to take under the will. The amounts paid to her by the trustees prior to and including the taxable years did not aggregate the value of the interest to which she would have been entitled had she declined to take under the will. In computing the taxable income of the estate the trustees deducted the amount paid the widow. The Commissioner refused to allow the deduction. The rationale of the decision is that, since the annuity did not depend upon the income from the trust, but was a charge upon the whole estate, payable at all events, the widow had chosen "to assume the position of an ordinary legatee." Therefore the payments to her were not distributions of income, but in discharge of a gift or legacy. The principle applied in *Burnet* v. *Whitehouse*, *supra*, was held to be applicable.

In the *Whitehouse* case the testator had bequeathed to his wife "an annuity of five thousand dollars." At the beginning it was paid from the corpus of the estate; but in the taxable year it was satisfied entirely from income. The Commissioner sought to tax Mrs. Whitehouse on the amount paid to her. In deciding that it was not taxable to her, the Court held that the bequest was not one to be paid from income, but was of a sum certain payable at all events during each year of her life. It was therefore not a gift of income.

The decision in the three cases clearly lay down the rule that, if under the terms of a will there is a gift of income distributable periodically and not of a sum certain payable at all events, the party entitled to receive such payments is a beneficiary within the ambit of the statute, the fiduciary is entitled to credit for the sums paid, and they are includable in the gross income of the beneficiary; but if the gift is of a sum certain, payable at all events, the party entitled to receive it is an ordinary legatee and the payments are not regarded as

distributions of income, but as being in discharge of a gift or legacy, regardless of whether they are made from income or corpus, and they are not deductible by the fiduciary in computing the net income of the estate or trust.

The carefully prepared briefs of the parties indicate complete familiarity with the rationale of the three cases. Others cited by them have been examined but are not particularly helpful. Referring briefly to some cited by petitioner, it is noted that in *Holcombe* v. *United States*, 41 Fed. Supp. 471, the basis of the court's decision was its conclusion that "all annuities * * * [were to] be paid in full from the income or corpus of the estate." In *Bush* v. *Commissioner*, 89 Fed. (2d) 596, it is clear that the payments to be made to the wife, though not specifically denominated annuities,[4] were nevertheless such. The same is true in *Bridgeport-City Trust Co.*, 32 B. T. A. 1181;[5] affd., 84 Fed. (2d) 991; in *James R. Duncan et al., Executors and Trustees*, 34 B. T. A. 999; affd., 91 Fed. (2d) 1012; certiorari denied, 302 U. S. 752; in *Guaranty Trust Co. of New York, Executor*, 31 B. T. A. 19; affd., 76 Fed. (2d) 1010; certiorari denied, 296 U. S. 591; in *Union Trust Co. of Pittsburgh* v. *Commissioner*, 115 Fed. (2d) 86; and in *Estate of William H. Block*, 39 B. T. A. 338; affd. sub. nom. *Union Trust Co. of Pittsburgh*, 111 Fed. (2d) 60; certiorari denied, 311 U. S. 658. Cases closer to the border line, such as *John K. Howard et al., Trustees*, 34 B. T. A. 57, in which the income of the trust was payable to the beneficiary but the trustees also had a discretion to pay portions of the trust corpus to her, and *Frank H. Mason Trust*, 47 B. T. A. 346; affd., 136 Fed. (2d) 335, in which the trustee "was unequivocally vested with the power to encroach upon the principal of the trust estate to assure the payment of the specified sums to the named beneficiaries," tend to support respondent's view rather than petitioner's. Cf. *Union Trust Co. of Indianapolis* v. *Commissioner*, 111 Fed. (2d) 60; certiorari denied, 311 U. S. 658; and *Georgie W. Rathborne*, 37 B. T. A. 936.

The continuous "threat of corpus invasion," discussed at length by petitioner upon brief, seems to be more imaginary than real. Looking realistically at decedent's will, it will be noted that it did not, like the instruments in most of the cases referred to above, provide for definite annual payments to his wife. It directed that she should have "all the rest, residue and remainder of the said net income," i. e., all over the $1,200 payable to the sister. Like the instrument in the *John K. Howard* case, *supra*, the net income is to be "distributed currently by the fiduciary to the beneficiary," which is lit-

---

[4] The proviso is that the "Trustee shall from the income of my estate, if sufficient, and if not sufficient, then from the estate itself, pay to my wife * * * $50,000 per year * * *."

[5] "* * * Trustees to take from the principal * * * a sufficient sum * * * so that, at all events and every year, my said wife shall receive the full sum * * * of $25,000."

erally within the statute. As to it the trustees have no discretion. It is to be paid to her "in such installments and at such times" as she may request. The provision for augmenting the payments of net income was contingent upon the combined annual net income payable from the trust and the income from her own property being less than $20,000—a contingency which has never arisen. It was also contingent upon request being made by her that her income be so augmented. As we view it, the provision did not affect the gift of net income to petitioner nor change her status from an income beneficiary to that of a legatee. At most it was a contingent grant of an uncertain sum having none of the attributes of an annuity payable at all events.

In our judgment the instant case is governed by *Helvering* v. *Butterworth*, *supra*, from which it follows that respondent must be sustained. Conceded errors in his computation make it necessary that the deficiencies be recomputed.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

MURDOCK, *J.*, dissenting: Section 162 (b), I. R. C., provides that the estate or trust shall be allowed a deduction for income which is to be distributed currently by the fiduciary to the beneficiaries, and the beneficiary shall include the amount in his income whether or not distributed. But the Supreme Court has held in *Helvering* v. *Pardee*, 290 U. S. 365, that where an annuity has been created (i. e., the annual payment of an amount which is charged against the whole estate payable at all events), there has been a gift or bequest which is expressly exempt from income tax, so that payments in discharge of the annuity are not distributions of income deductible by the estate, even though payable primarily out of income and, in fact, paid out of income.

It seems to me that the payments in the present case are payments under an annuity within the rule of the *Pardee* case and other cases following it. Frankel provided by his will that his wife should receive not less than $20,000 per year. He made this a charge upon the entire remainder of his estate. True, the corpus was not to be used unless income from the estate, plus income from her own separate property, was insufficient to make up the $20,000. Also, corpus was not to be used unless she requested it. The fact remains, however, that the testator provided for an annuity for his wife payable in any event as a charge against the whole estate at her demand.

In *Frank H. Mason Trust*, 47 B. T. A. 346; affd., 136 Fed. (2d) 335, the trust instrument provided for the regular payment of fixed amounts to named beneficiaries from income, with a provision that the

trustee should have power and authority to invade the corpus to make up any deficiency. It was held that payments under this provision were not distributions of income and the trust was not entitled to a deduction. Perhaps the chief difference between that case and the present case is that here we have the complication of income from the wife's separate estate making up a part of the $20.000. In *James R. Duncan et al., Executors and Trustees*, 34 B. T. A. 999; affd., 91 Fed. (2d) 1012, a deduction was disallowed under somewhat similar circumstances even though the trustees were required to restore the corpus out of excess income subsequently received. In *Bay Trust Co., Trustee*, 34 B. T. A. 233, the remaindermen were obligated to make up any deficiency in trust income for payment of the annuity. The degree of probability of invasion of corpus is wholly immaterial. *Estate of William H. Block*, 39 B. T. A. 338, 342; affd., 111 Fed. (2d) 60; certiorari denied, 311 U. S. 658. The above cases and others cited in the report all seem to agree that the only test to be applied is whether or not the distributions are a charge upon corpus to be paid at all events. None of them suggests that a determining factor is the degree of probability that corpus will or will not be invaded.

Cases in which invasion of the corpus is discretionary with the trustee are distinguishable, because there was in those cases no gift or bequest of a fixed amount which was made a charge against the estate payable in all events. It was only payable from the corpus within certain discretions and not absolutely. See *John K. Howard.* 34 B. T. A. 57; *Georgie W. Rathborne*, 37 B. T. A. 936; *Estate of L. W. Mallory*, 44 B. T. A. 249. Here, under certain contingencies, the petitioner had a right to demand payment from corpus.

STERNHAGEN and KERN, *JJ.*, agree with this dissent.