HORACE C. COLEMAN TRUST, THE PENNSYLVANIA COMPANY FOR INSURANCES ON LIVES AND GRANTING ANNUITIES, ELEANOR B. KLEMM AND PHILIP F. COLEMAN, TRUSTEES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HELEN W. COLEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 1585, 1586. Promulgated June 5, 1944.

*Edward J. Griffiths, Esq.*, for the petitioners.
*William D. Harris, Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: These cases have been consolidated. Docket No. 1585 involves deficiencies in income tax which the Commissioner has determined against the Horace C. Coleman Trust as follows:

| | |
|---|---|
| 1938 | $0.33 |
| 1939 | 932.97 |
| 1940 | 1,144.04 |

Docket No. 1586 involves deficiencies in income tax which the Commissioner has determined against Helen W. Coleman as follows:

| | |
|---|---|
| 1938 | $350.96 |
| 1939 | 629.33 |
| 1940 | 391.33 |

The deficiencies in Docket No. 1586 result from adjustments which the Commissioner made in the income tax return of Helen W. Coleman, which she does not contest. However, she claims an overpayment in income tax for each of the taxable years based upon the following assignment of error:

(a) The Commissioner has erred in his determination that amounts distributable to petitioner as beneficiary of the Horace C. Coleman Trust during the years 1938, 1939 and 1940 are includible in her taxable gross income on her individual income tax returns for the said years, and in refusing her claim for refund for taxes paid by her on such amounts for the years 1938 and 1939.

In Docket No. 1585, the petitioner, Horace C. Coleman Trust, assigns the following error:

(a) The Commissioner has erred in his determination that amounts distributable to Helen W. Coleman as beneficiary of the Horace C. Coleman Trust during the years 1938, 1939 and 1940 are includible in the taxable income of your petitioner for the said years.

The Commissioner concedes on brief that if we should decide that the income of the trust is taxable to Helen W. Coleman, the beneficiary, then his determination of deficiencies against the Horace C. Coleman Trust is in error. In other words, he concedes that the same income can not be taxed to both the trust and to the beneficiary.

The facts have been stipulated and we adopt them as our findings of fact. We state such of those facts as we deem necessary to an understanding of the issue which we have to decide, as follows:

The petitioner in Docket No. 1585 is a trust estate, with offices in Philadelphia, Pennsylvania, and it filed its income tax returns for the periods here involved with the collector for the first district of

Pennsylvania. The petitioner in Docket No. 1586 is an individual and resides in Morristown, Pennsylvania. She filed her income tax returns for the periods involved in these proceedings with the collector for the first district of Pennsylvania.

On March 22, 1934, Horace C. Coleman, husband of the petitioner, assigned to the Pennsylvania Co. for Insurances on Lives and Granting Annuities, Eleanor B. Klemm, and Philip F. Coleman, as trustees, certain life insurance policies the proceeds of which were upon his death to be collected and held as set forth in the following paragraph:

In trust, from and after the death of the Settlor and during the life of the wife of the Settlor to pay and distribute unto her the net income from the trust estate, and if in any year the net income from the trust estate shall be less than Twelve Thousand Dollars ($12,000) then upon the written request of the wife of the Settlor lodged with the corporate Trustee, the Trustees shall make payment to the wife of the Settlor out of the principal of the trust estate such sums as may be required upon her request as aforesaid to cause the wife of the Settlor to receive out of the income and/or principal of the trust estate at least the sum of Twelve Thousand Dollars ($12,000) per year, the said annual payments to be made in monthly installments of not less than One Thousand Dollars ($1,000) each: which payments of income are conditioned upon the wife of the Settlor first having filed the necessary election to take under the will of the Settlor, and if the said election shall not be so filed so that the wife of the Settlor shall be entitled to an interest in the estate of the Settlor under the intestate laws of the Commonwealth of Pennsylvania and not under his will, then her interest in this trust estate and the net income therefrom shall be thereby terminated and ended.

Horace C. Coleman died August 11, 1936, leaving a will dated November 28, 1934, and probated August 28, 1936, in which he made some additional provision for his wife, the petitioner, who, on December 18, 1936, filed her election to take under the will.

On January 29, 1937, petitioner addressed the following letter to the corporate trustee:

In accordance with the terms of the Horace C. Coleman Insurance Trust, I hereby request the Trustees of said trust estate to pay over to me $12,000.00 per year in monthly installments of $1,000.00 each.

If the net income of the trust estate does not amount to $12,000 in any year, I request that such sums as may be required to make up that amount be taken out of the principal of the trust estate.

No other similar written requests were subsequently made to the trustees.

In each of the years 1938, 1939, and 1940 the income was insufficient to meet the payments of $1,000 a month and the remainder was paid out of principal.

In the year 1938 petitioner received from the trust fund the sum of $12,000 from income and principal. The fiduciary return of the trustees for 1938 shows income taxable to the beneficiary in the amount of $10,871.25, which sum was included in petitioner's return.

In the year 1939 petitioner received from the trust fund $12,000, from income and principal. The fiduciary return of the trustees for 1939 showed income taxable to the beneficiary in the amount of $10,-958.88, and this sum was included in the petitioner's return.

In the year 1940 petitioner received from the trust fund the sum of $12,000, from income and principal. The fiduciary return of the trustees for 1940 showed income taxable to the beneficiary in the amount of $11,321.41: however, petitioner included in her return $11.320.40.

Section 162 of the Revenue Act of 1938 and the Internal Revenue Code is printed in the margin.[1]

It is plain that under the terms of the Horace C. Coleman Trust, Helen W. Coleman was made the income beneficiary of the trust for life. The only thing she had to do to make this certain was to file her election to take under the will. This election she duly filed after the death of her husband. Therefore, in all the taxable years before us the trustees were under a mandatory duty to distribute all the net income of the trust to the beneficiary, Helen W. Coleman. This the trustees did and she returned for taxation on her own income tax returns the amounts of income which were distributable to her. This was, in our judgement. in correct observance of the terms of section 162 printed in the margin.

Petitioner Helen W. Coleman now alleges that she erred in including the amounts in question in her own tax returns and that she is entitled to a refund. She alleges that under the terms of the trust she was entitled to receive an annuity of $12,000 payable in all events and that under the Supreme Court's decisions in *Burnet* v. *Whitehouse*, 283 U. S. 148, and *Helvering* v. *Pardee*, 290 U. S. 365, the income of the trust was taxable to the trust as a fiduciary under the terms of section 162 and it was not entitled to take as a deduction under section 162 (b) the amounts of net income which were paid over to Helen W. Coleman, and that she is not taxable on the amounts so received.

Respondent. on the other hand, contends that petitioner Helen W. Coleman was not the beneficiary of an annuity of $12.000 payable in all events as petitioner contends. but was primarily an income beneficiary of the trust and only a contingent beneficiary of an uncertain

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

    \*        \*        \*        \*        \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct. but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

    \*        \*        \*        \*        \*        \*        \*

amount of the principal of the trust estate. The Commissioner relies principally in support of his contention upon *Belle Goldstine Frankel*, 3 T. C. 231. In that case testator directed trustees to pay the residuary net income to his wife for life:

* * * in such installments and at such times as my said wife may request, provided, however, and it is my will that in any event my wife shall have and enjoy during each year of her natural life, a net income which together with the net annual income of her own property, shall be not less than Twenty Thousand Dollars ($20,000.00) per annum and should the net income in any one year to which my said wife may be entitled to receive from my Trust Estate, when added to the net annual income of her own property, be less than Twenty Thousand Dollars ($20,000.00), then the net income for that year shall be augmented, if my wife shall so request, by adding thereto from the principal of any said Trust Estate such amount or amounts as may be necessary to produce the sum of Twenty Thousand Dollars ($20,000.00), which shall be paid to my beloved wife as above provided.

In the *Frankel* case the combined income was in all the taxable years before us sufficient to pay the $20,000 and it was never necessary for the trustees to use any part of the principal or for the widow to make any request for such use. In the *Frankel* case we discussed the Supreme Court's decisions in the *Whitehouse, Butterworth*, and *Pardee* cases, and said:

The decisions in the three cases clearly lay down the rule that, if under the terms of a will there is a gift of income distributable periodically and not of a sum certain payable at all events, the party entitled to receive such payments is a beneficiary within the ambit of the statute, the fiduciary is entitled to credit for the sums paid, and they are includable in the gross income of the beneficiary; but if the gift is of a sum certain, payable at all events, the party entitled to receive it is an ordinary legatee and the payments are not regarded as distributions of income, but as being in discharge of a gift or legacy, regardless of whether they are made from income or corpus, and they are not deductible by the fiduciary in computing the net income of the estate or trust.

After discussing these Supreme Court decisions, we held that the provisions for the wife in the *Frankel* case did not grant her an annuity of $20,000 payable in all events and that the Supreme Court's decisions in *Burnet* v. *Whitehouse* and *Helvering* v. *Pardee* were not controlling, but were distinguishable. Upon that point we said:

* * * The provision for augmenting the payments of net income was contingent upon the combined annual net income payable from the trust and the income from her own property being less than $20,000—a contingency which has never arisen. It was also contingent upon request being made by her that her income be so augmented. As we view it, the provision did not affect the gift of net income to petitioner nor change her status from an income beneficiary to that of a legatee. At most it was a contingent grant of an uncertain sum having none of the attributes of an annuity payable at all events.

Petitioners contend that the instant case is distinguishable from the *Frankel* case because here Mrs. Coleman did file a written request with the trustees, after she had elected to take under the will, that $12,000

be paid to her each year whether the income of the trust was sufficient to pay that much or not. While it is true that this difference in the facts of the two cases does exist, we do not think it is a controlling distinction to the decision of this case. The important thing is, as we said in the *Frankel* case, "the provision [meaning that provision requiring the beneficiary to file a written request with the trustees that additional payments out of principal be paid to her] did not affect the gift of net income to petitioner nor change her status from an income beneficiary to that of a legatee. At most it was a contingent grant of an uncertain sum having none of the attributes of an annuity payable at all events." So it is in the instant case.

It seems plain that when the decedent, Horace C. Coleman, set up the trust in 1934 he conveyed to the trustees life insurance policies which he estimated when collected would yield a net income sufficient to pay his wife around $12,000 a year. If the income was in excess of $12,000 per annum, she was to receive it all. If the income fell short of $12,000 per annum in any year, then the trustees were to pay her enough to make up $12,000 per annum, provided she made a request for it. That the estimate of the settlor of the trust as to the probable income of the trust was reasonably accurate is attested to by the fact that in the taxable years which are before us the net annual income of the trust distributable to Mrs. Coleman was around $11,000. What the trustees had to make up out of principal was about $1.000 a year on an average over the three-year period which we have before us.

In view of the language of the trust instrument, we think Helen W. Coleman was an income beneficiary of the trust to the full extent of its net income within the meaning of section 162 (b) and that she was only a contingent beneficiary of the principal of the trust. In each of the taxable years petitioner Helen W. Coleman returned for taxation that part of the $12,000 received from the trustees which represented income payments and the balance she has treated as having been received by her out of the principal of the trust. We think this is the correct treatment. The Commissioner has approved it, and we affirm his action. Cf. *Helvering* v *Butterworth*, 290 U. S. 365.

Reviewed by the Court.

> *In Docket No. 1585 decision will be entered for petitioner. In Docket No. 1586 decision will be entered for respondent.*

Murdock and Sternhagen, *JJ.*, dissent for reasons set forth in the former's dissenting opinion in the case of *Belle Goldstine Frankel*, 3 T. C. 231.