THE NORTHERN TRUST COMPANY, AS DISTRIBUTEE OF THE ESTATE OF DANIEL BURKHARTSMEIER, DECEASED, ADDRESSED AS ESTATE OF DANIEL BURKHARTSMEIER, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 1648, 1768. Promulgated January 3, 1945.

*Herman A. Fischer, Esq.*, for the petitioners.
*Charles J. Munz, Esq.*, for the respondent.

530

534

STERNHAGEN, *Judge*: In Docket No. 1648 the petitioner is transferee of the assets of the estate of Daniel Burkhartsmeier, deceased, and, while it does not dispute transferee liability for any deficiency of the estate, it assails the deficiency determined for 1940 of $153.38 income tax of the estate which resulted from two adjustments. It also contends that an overpayment in income tax was made by the estate because the estate had failed to take a deduction for $6,000 currently distributed in 1940. The two items upon which the deficiency was based have been settled and the only issue remaining in the transferee's proceeding is whether the estate was entitled to the deduction of $6,000. It has been stipulated that this amount was in fact paid by the executrix "to herself as an individual," and this leaves only the question whether this amount was currently distributable or paid by the executrix to the daughter out of income of the estate (I. R. C., sec. 162 (b), (c), before the change of the Revenue Act of 1942).

In Docket No. 1768 the petitioner is the trustee of the testamentary trust established by the will of Daniel Burkhartsmeier, consisting of the residuary estate. The items of 1940 income upon which the determination was based have been settled and the only issue remaining is the trustee's claim of overpayment resulting from its own failure to take a deduction for $6,000 distributable by it to the beneficiary during 1940, of which $5,000 was in fact distributed in that year.

The essential question upon which the decision as to overpayment rests in each of these cases is whether the amount paid or payable by each of the fiduciaries to the beneficiary was a distribution of income or a payment of an annuity. By section nine of the will it is provided that the testamentary trustee shall distribute $1,000 per month to the beneficiary out of the net income of the trust, provided that if the net income should not be sufficient to pay $500 the corpus should be invaded to the extent necessary to provide $500. By section fifteen the executrix is directed to transfer to the testamentary trustee "sufficient assets" to support the aforesaid payment of $500 per month during administration of the estate and, until the transfer of assets to the trustee, to pay $500 a month "for my trustee  *  *  *  out of funds" of the estate. Thus it appears from the express direction of the will that $500 a month was payable to the beneficiary at all events even though income was insufficient for such payment. This possible insufficiency was the only contingency which permitted the invasion of the corpus, and there is therefore no distinction between the annuity expressly described in *Helvering* v. *Pardee*, 290 U. S. 365, and the $500 payable in any event to the daughter. It must be held, there-

fore, that this amount is not deductible in 1940 because it was not a distribution of income, but payment to the legatee of an annuity.

The decisions in *Frankel* v. *Commissioner*, 3 T. C. 231; affd., 144 Fed. (2d) 1023, and *Horace C. Coleman Trust*, 3 T. C. 943, involved a contingency other than the mere inadequacy of trust income to support the distribution, i. e., the contingency that the augmentation of income be actually requested by the beneficiary. This was held in the *Frankel* case not to affect the gift of net income or change the status of the income beneficiary to that of a legatee. "At most it was a contingent grant of an uncertain sum having none of the attributes of an annuity payable at all events." Clearly, the legacy of the Burkhartsmeier will had all of the attributes of an annuity of $6,000 a year payable at all events.

But the payment in excess of $500 a month, to make up the difference in the $12,000 bequeathed, was not to be made in any event, but only from income. Any amount over the $6,000 was therefore not an annuity, such as in the *Pardee* case, but was a distribution solely out of income. If the income was insufficient to support such a payment, it could not be made; and, if made, it was a distribution of income deductible under the statute.

It is only necessary now to determine which of the trust or the estate is entitled to the deduction of the income distributed. Under the will the estate was not required to distribute income, but could only distribute assets to the trust or, during administration, funds to the beneficiary "for the Trustee." It must be assumed that the executrix obeyed the direction of the will, and that the payment by her during 1940 of the $6,000 was a payment for the trustee. By this reasoning, the conclusion is reached that income of the trust was distributable to the beneficiary to the extent of the $6,000 which the executrix distributed in its behalf. The trustee is the trust fiduciary, therefore, to whom must be attributed both the distribution of the annuity of $6,000 and the distributability of the other $6,000 out of income. It is entitled to a deduction of $6,000 income, and no one is entitled to deduct the $6,000 annuity.

Since the estate is not entitled to any deduction for the $6,000 which it paid, constructively to the trustee and actually to the beneficiary, there was no overpayment by the estate as a result of its failure to take the deduction. Since the trustee is entitled to take a deduction of the $6,000 distributable by it from income and it failed to take such deduction, it has made an overpayment of the amount attributable to such deduction.

*Decision in each case will be entered under Rule 50.*