FRANC M. CURRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 4415.   Promulgated August 7, 1945.

*A. L. Gardner, Esq.,* and *Robert C. Barney, Esq.,* for the petitioner.
*R. L. Greene, Esq.,* for the respondent.

OPINION.

ARUNDELL, *Judge*: The question presented here is whether the entire amount of taxable income paid over to petitioner as beneficiary of the Harry J. Curry Trust represents income currently distributable, and therefore taxable, to her under the provisions of sections 22 (a) and 162 (b) of the Revenue Act of 1938 and of the Internal Revenue Code, or whether a portion thereof constitutes an annuity not taxable to her by virtue of section 22 (b) (3). The pertinent statutes appear in the

margin.[2]   The answer depends upon the construction of the will of petitioner's deceased husband, Harry J. Curry, particularly article fifth, section 1 thereof, set out in the findings.   Petitioner contends that the language of the will creates an annuity in the amount of $10,000, payable to her at all events.   Respondent, on the other hand, argues that under the provisions of the will the trustees are directed to pay all the net income to petitioner; that the trustees have only a discretionary and contingent right to invade the corpus; that, therefore, no annuity was created; and that, since the entire income of the trust (with minor exceptions not material here) was currently distributable and was in fact distributed to petitioner, she is taxable thereon in the amounts set out in the deficiency notice.

The Supreme Court has determined for us the broad principles of law which must guide our decision.   If the testator intended that the sum of $10,000 should be annually payable to petitioner absolutely and at all events, regardless of the amount of the trust income, then under the rule of *Burnet* v. *Whitehouse*, 283 U. S. 148, and *Helvering* v. *Pardee*, 290 U. S. 365, the distribution represents an annuity and is not taxable to the beneficiary, but if on the other hand the invasion of the principal rests in the sound discretion of the trustees and the $10,000 was in fact paid out of income of the trust, then it is taxable to petitioner under the doctrine of *Helvering* v. *Butterworth*, 290 U. S. 365.

It is our opinion that the Curry will does not create an annuity in

---

[2] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property ; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.   *   *   *

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this title :

*          *          *          *          *          *          *

(3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income) ;

*          *          *          *          *          *          *

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

*          *          *          *          *          *          *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not.   Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year ;

*          *          *          *          *          *          *

the amount of $10,000. The language used in immediate connection with the $10,000 item is:

* * * In the event for any year the income of said general trust estate shall be less than Ten Thousand Dollars ($10,000.00), then and in that event the Trustees *shall have the right to apply the principal* of said trust estate in an amount which, together with said income, will equal Ten Thousand Dollars ($10,000.00) for the maintenance and support of my wife, it being the intention hereof that the income of the trust estate only shall be used as hereinabove in this section provided, except in the event said income shall for any year fall below Ten Thousand Dollars ($10,000.00). [Italics ours].

It will be noted that there is no positive direction that the trustees *shall* apply the principal when the income is insufficient. It is significant that elsewhere in the will the testator spoke in the imperative. For example, in the same article and section of the will the expression "shall pay" or "shall be paid" appears three times; in section 2 of that article are found the terms "shall divide" and "I direct that one-third (⅓) * * * shall be immediately paid"; in section 4 are directions that the trustees "shall transfer and deliver" and "shall distribute"; in section 5 the testator specifically ordered the trustees to do certain things, repeatedly using the term "I direct."

On the other hand, when in section 6 the testator dealt with the investing and managerial powers of the trustees, he reverted to the permissive language used in connection with the $10,000 item in section 1. He stated that the trustees "shall have full power, at their discretion, to sell, assign and transfer all personal estate"; that they "shall also have full power * * * to change investments and to invest and reinvest"; that they "may purchase the bonds of any corporation"; and that they "*shall have the right* to purchase real estate mortgages" and "*shall have the right* to purchase municipal bonds." [Italics ours.] Could it be logically contended that, in these last two instances, where the testator provided that the trustees "shall have the right to purchase" real estate mortgages and bonds, the trustees were under a mandatory duty so to do? We think not.

When these instances throughout the will are considered collectively, the conclusion is inescapable that the testator intended to give the trustees only a discretionary right to invade the corpus. He used the term "shall have the right" in a permissive sense. Wherever he wished to command, he used such positive and unequivocal language as "shall pay," "shall divide," "shall distribute," and "I direct."

Petitioner relies heavily upon a New York case. *In re Carr's Estate*, 176 Misc. 571; 28 N. Y. S. (2d) 12. That case was an accounting proceeding between trustees and the beneficiary under a testamentary trust. The issue presented was whether the testator intended to impose upon the trustees an imperative obligation to invade the corpus of the trust so as to produce a certain monthly income for his widow, or whether he intended only to give them a discretionary power so to

do. It was held that the duty was mandatory and that the widow was entitled to receive the monthly sum of $1,000, regardless of whether income from the trust fund was sufficient. The pertinent language used in the testator's will in that case was:

* * * I do hereby specifically authorize and empower my said Executors and Trustees, the survivor and survivors, successor and successors of them, if the net rents, issues, income and profits from said fund shall not in any year be sufficient to pay to the said Augusta Carr the monthly sum of One Thousand Dollars, to advance and pay to the said Augusta Carr out of the principal of the said fund so held in trust, whatever amount may be required, in addition to the actual net rents, issues, income and profits, to give her in the aggregate a monthly allowance of One Thousand Dollars. * * *

The court found, after reviewing the language of the will as a whole, that the testator intended the power to invade the corpus to be mandatory, and that the term "specifically authorize and empower" expressed for him the idea of the imperative. Much importance was attached to the fact that the testator addressed the direction not only to his trustees, but to the "successor and successors of them," "persons whose identity," said the court, "could not then be known to him."

But that case is not controlling here. It stands for no more than a finding by the court that, taking the instrument as a whole, the testator made a mandatory direction to the trustees to pay a sum certain. For the reasons we have already set forth in detail, it seems clear to us that the language used by the testator in the instant case granted simply a discretionary right to the trustees. Nor do *Union Trust Co. of Pittsburgh* v. *Commissioner*, 115 Fed. (2d) 86, and *Union Trust Co. of Indianapolis* v. *Commissioner*, 111 Fed. (2d) 60, help petitioner. In both of the latter cases the instruments creating the trusts provided in terms for annuities and the invasion of the corpus of the trust for their payment.

We think the conclusion we have reached finds ample support in *Belle Goldstine Frankel*, 3 T. C. 231; affd., 144 Fed. (2d) 1023, and in *Horace C. Coleman Trust*, 3 T. C. 943 (cross appeals pending, C. C. A., 3d Cir.). The right of the beneficiary in each of those cases to receive a sum certain was quite absolute should the beneficiary see fit to make demand on the trustees therefor. But, even so, we concluded that the respective testators had not provided for a payment to their beneficiaries of a sum certain in any event.

We conclude that the entire amount of taxable income paid over to petitioner by the Harry J. Curry Trust represented income currently distributable to her, and that she is taxable thereon under the provisions of sections 22 (a) and 162 (b) of the Revenue Act of 1938 and of the code, in the amounts determined by respondent.

Reviewed by the Court.

*Decision will be entered for the respondent.*

MURDOCK, *J.*, dissents.