**UNION TRUST CO. OF INDIANAPOLIS v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 7034.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 27, 1940.

Merlin M. Dunbar, Lucien L. Dunbar, Paul Y. Davis, Kurt F. Pantzer, Ernest R. Baltzell, and William G. Sparks, all of Indianapolis, Ind., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, Edward M. English, J. P. Wenchel, and Claude R. Marshall, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals entered March 28, 1939, in a proceeding for redetermination of an alleged deficiency in petitioner's income tax for the calender year, 1932. The determination by the Commissioner of Internal Revenue, sustained by the Board, involves two items, here in dispute, (1) the inclusion, in petitioner's gross income for the year 1932, the sum of $603,983.25, representing a refund of Federal estate tax

received that year, and (2) a disallowance of a claimed deduction of $105,583.34, representing income properly paid during the same year to the beneficiaries of a testamentary trust.

The facts, stipulated before the Board, briefly are as follows: Petitioner's decedent died on December 11, 1928, a resident of Indianapolis, Indiana. The executor of his estate paid Federal estate tax as follows:

December 11, 1929............ $564,299.23
July 1, 1930.................. 14,992.00
January 15, 1931............. 233,859.15

Deductions were claimed by the estate and allowed as to said amounts for the appropriate years. Deductions were also allowed for state inheritance tax due under the laws of Indiana as they existed prior to March 6, 1931. On that day, the state law was amended so as retroactively to affect the amount of inheritance tax due the state, and, as a result, petitioner, on June 16, 1932, paid an additional state inheritance tax in the amount of $611,228.58, which was claimed and allowed as a deduction from the gross income of the estate for the year here involved. In the meantime, a proceeding was instituted before the Commissioner for redetermination of the Federal estate tax because of the increased liability to the State of Indiana. By stipulation before the Board, petitioner was allowed full credit for the additional inheritance tax due the state and, as a result, there was refunded to the petitioner on October 12, 1932, the sum of $603,983.25, being the amount which petitioner contends was erroneously included in its gross income for the year in question. These are the facts material to the first question, except it may be pertinent to point out that petitioner's books were kept and its returns made upon a cash receipts-and-disbursements basis and, that the Statute of Limitations now has run against additional assessments for the years 1929, 1930 and 1931.

■ Petitioner contends that the refund does not constitute income as defined in Section 22(a) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 22(a), which defines gross income as "gains, profits * * * and income derived from any source whatever." It is argued that this refund can not be considered as gain or profit for the reason that when it was wrongfully paid in previous years it was from the corpus and not the income of the estate. Thus, it is sought to distinguish the instant situation from those cases[1] which have held, under a variety of circumstances, that a refund of taxes is properly included in the gross income for the year received. Under the circumstances, we think that the distinction sought to be made can not be justified. The fact is, that the sum total of the transactions constitutes a saving to the estate, and we think may properly be said to be a gain or profit. This is rather forcibly illustrated by reference to the situation actually existing. Referring to the year 1929 as illustrative, we see that petitioner's gross income was $574,308.43. There was claimed and allowed against this, a deduction in the amount of $564,299.23, paid on account of Federal estate tax. Other deductions were allowed in the sum of $24,500.

Thus it is apparent, without the wrongful deduction because of Federal estate tax, that petitioner, for that year, would have been liable for a substantial income tax, but by employing this wrongful deduction, a saving was thereby effected. In fact, by reason of this deduction there was no net income and no tax paid. Petitioner also was enabled, by these wrongful deductions for the years 1930 and 1931, to escape the payment of an income tax for which it otherwise would have been liable. It now is too late to revise the returns for those years and to require the petitioner to pay the tax which would have been required of it except for the wrongful deductions.

Respondent acknowleged the wrongful collection of the Federal estate tax, but petitioner, when made whole in the form of a refund, after having utilized such payments as deductions, with the resultant saving to the estate, takes the position that such refund should not be included in its gross income. The Board decided to the contrary and, we think properly so.

■ As to the second question, it is disclosed that petitioner's decedent, by will, bequeathed his property to trustees to be held for twenty years after his decease with directions to pay from the income stipulated annual sums to certain persons, including those, the payments to whom are now in controversy. Such payments were directed to be made from the income of the

---

1 Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; Nash v. Commissioner, 7 Cir., 88 F.2d 477, 478; Commissioner v. Liberty Bank & Trust Co., 6 Cir., 59 F.2d 320.

residuary estate in monthly installments to commence within one month after the testator's death. It was provided, that, "Prior to the time such residuary estate is turned over to my Trustees, such payments shall be made by my Executor, and in case at any time, either before or after said residuary estate comes into the hands of said Trustees, there shall not be sufficient income to make such payments, such deficiency shall be made up by pledging a part of the corpus of my estate; such pledge to be discharged from future income, as and when income in sufficient amounts is realized." The payments thus made, amounting to the sum of $105,583.34, were from income of the estate and claimed, but disallowed as deductions for the year in question.

Petitioner argues that such payments were allowable deductions by reason of Section 162(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 162(b), which provides: "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries * * *."

It is argued further that the claimed deductions were payments made in conformity with bequests contained in the will from income and, that there is no definite or certain charge upon corpus. If the language used by the testator is to be construed as confining the payments solely from income, then it would seem rather certain, under the authority of Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897, that such payments would be taxable to the beneficiaries and, that they would constitute allowable deductions as to the trust estate. We are unable, however, to construe the will of petitioner's decedent as petitioner would have us do. Irrespective of the directions found in the will, to make the payments from income, the language quoted heretofore directs the trustee to make up any deficiency in such income by pledging a part of the corpus, the same to be discharged from future income as and when the same may be sufficient. It seems to us there is no escape from the conclusion that this is a charge upon the corpus.

If so, the case of Irwin v. Gavit, supra, is inapplicable.

In Burnet v. Whitehouse, 283 U.S. 148, on page 151, 51 S.Ct. 374, on page 376, 75 L.Ed. 916, 73 A.L.R. 1534, in distinguishing the case of Irwin v. Gavit, supra, the court said: "Irwin v. Gavit is not applicable. The bequest to Gavit was to be paid out of income from a definite fund. If that yielded nothing, he got nothing. * * *"

We think Helvering v. Butterworth, 290 U.S. 365, on page 370, 54 S.Ct. 221, on page 223, 78 L.Ed. 365, is applicable to the instant situation. The court held that an annuity which made provision for the testator's widow did not depend upon income from the trust estate and said: "* * Payments to Mrs. Pardee by the fiduciary were not necessarily made from income. The charge was upon the estate as a whole; her claim was payable without regard to income received by the fiduciary. Payments to her were not distribution of income; but in discharge of a gift or legacy. * * *"

In that case, it was pointed out by Chief Justice Hughes, in his dissenting opinion, 290 U.S. at page 371, 54 S.Ct. at page 223, 78 L.Ed. 365: " * * * While the payment of this annual amount was also charged on the principal of the estate, resort could not be had to the principal if the income of the trust was sufficient. * * *"

In that case, as here, the principal of the estate was liable only in the event of insufficient income.

Thus, the controlling factor seems to be that the decedent directed the payments to be made in any event, regardless of the existence of income. Petitioner's theory would require the tax to be paid by the trustee or the beneficiary, dependent upon whether the payments were made from income or corpus. In one year the trust estate would be permitted to deduct such payments in determining its net income, while in the next, if it became necessary to pledge the corpus, such deductions would not be allowable. As was said by the court in Burnet v. Whitehouse, supra, 283 U.S. at page 151, 51 S.Ct. at page 376, 75 L.Ed. 916, 73 A.L.R. 1534: " * * * It would be an anomaly to tax the receipts for one year and exempt them for another simply because executors paid the first from income re-

ceived and the second out of the corpus. * * *"

We think the Board properly disallowed the claimed deductions. The decision of the Board is affirmed.