## FRANK H. MASON TRUST v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9386.

Circuit Court of Appeals, Sixth Circuit.

June 1, 1943.

336

Robert Guinther, of Akron, Ohio (Robert Guinther and Slabaugh, Seiberling, Guinther & Pflueger, all of Akron, Ohio, on the brief), for petitioner.

N. Barr Miller, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, and William A. Clineburg, all of Washington, D. C., on the brief), for respondent.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The Board of Tax Appeals (now the United States Tax Court) upheld the determination by the Commissioner of Internal Revenue of income tax deficiencies for the taxable years 1937, 1938, and 1939, resulting from the disallowance of the deduction in each of those years of amounts paid by the trustee to the beneficiaries of the Frank H. Mason Trust. The trustee petitioner asserts that the claimed deductions should have been allowed under Section 162(b) of the Revenue Acts of 1936 and 1938, 26 U.S.C.A. Int.Rev.Acts, pages 893, 1081: "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * .* * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not * * *."

In the trust indenture executed on October 28, 1930, the trustor, Frank H. Mason, directed that, beginning on November 1, 1930, the trustee should pay each month, out of the income arising from the trust property, to his sister, his brother-in-law, and three of his brothers, specified sums during their lives. The balance of all income from the trust property was made payable quarterly to the trustor during his lifetime; and, upon the death of any beneficiary, the amount payable to such decedent would also be payable to the trustor. Provision was made that, upon the death of the trustor, the income payable to him during his life would become payable to named grandchildren.

The trust agreement provided further that the trustee should have the power and authority to sell so much of the trust property as might be necessary to make promptly the monthly payments to the named beneficiaries. It was recited that the purpose of the trustor was to insure, "beyond any reasonable question," the payment of the annuities to his brothers and sister and brother-in-law "throughout their lives." The trustee was unequivocally vested with power to encroach upon the principal of the trust estate, to assure the payment of the specified sums to the named beneficiaries of the trust.

The Board of Tax Appeals held that, inasmuch as the payments to be made to the beneficiaries were payable in full whether the income from the trust estate should be sufficient for that purpose or not, the income of the trust estate did not fall within the meaning of Section 162(b) as income "to be distributed currently by the fiduciary to the beneficiaries." Helvering v. Pardee, 290 U.S. 365, 370, 54 S.Ct. 221, 223, 78 L.Ed. 365; Union Trust Co. of

Pittsburgh v. Commissioner of Internal Revenue, 3 Cir., 115 F.2d 86; Union Trust Co. of Indianapolis v. Commissioner of Internal Revenue, 7 Cir., 111 F.2d 60.

The Board held, moreover, that the monthly payments to the beneficiaries which the trust instrument directed should be made were not "annuities" within the meaning of Section 22(b) (2) of the Revenue Acts of 1936 and 1938.[1]

The contentions of the petitioner are (1) that the right of the trustee to invade the corpus of the trust estate by making periodic payments, as directed, does not, under Section 162(b) defeat the deductibility of payments when actually made by the trustee, as in the case at bar, out of the income of the trust estate; (2) that the authorities relied upon by the Board of Tax Appeals are inapplicable, for the reason that Section 22(b) (2), quoted in footnote (1), was not in existence at the time of the decisions, which it is asserted, rested upon the proposition that the trust income was taxable in the hands of the trustee, "because it could not be taxed in the hands of the beneficiaries"; it being asserted by the petitioner that, in the 1932 Revenue Act, the requirement was for the first time specifically made that amounts received under annuity contracts should be included in the gross income of the annuitants; and (3) that clarifying amendments in the Rev enue Act of 1942 "express in statutory language the position of the Petitioner and indicate that the law before 1942 required the allowance of the deductions."

None of the contentions of the petitioner is sound. In Burnet, Commissioner of In-

ternal Revenue, v. Whitehouse, 283 U.S. 148, 151, 51 S.Ct. 374, 376, 75 L. Ed. 916, 73 A.L.R. 1534, the testator, James Gordon Bennett, had directed the annual payment to Mrs. Whitehouse of a definite sum, payable at all events during each year so long as she should live. The Supreme Court held that payments received by the donee, whether taken from the income or the corpus of the Bennett estate, were not part of the donee's gross income, being excepted therefrom under the then applicable Revenue Act as property acquired by gift or bequest. The Court commented that it would be an anomaly to tax the receipts for one year and exempt them for another simply because executors paid the first from income received and the second out of corpus. It was noted that the will directed payment without reference to the existence or absence of income. The Court said: "Irwin v. Gavit [268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897,] is not applicable. The bequest to Gavit was to be paid out of income from a definite fund. If that yielded nothing, he got nothing. This court concluded that the gift was of money to be derived from income and to be paid and received as income by the donee. Here the gift did not depend upon income but was a charge upon the whole estate during the life of the legatee to be satisfied like any ordinary bequest."

Helvering, Commissioner of Internal Revenue, v. Pardee, 290 U.S. 365, 370, 54 S.Ct. 221, 223, 78 L.Ed. 365 [reported as a companion case in Helvering v. Butterworth et al., Trustees, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365] again presented a situation where a will created an annuity,

---

[1] "Exclusions from Gross Income. The following items shall not be included in gross income and shall be exempt from taxation under this title: * * * (2) Annuities, etc. Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts and other than amounts received as annuities) under a life insurance or endowment contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income. Amounts received as an annuity under an annuity or endowment contract shall be included in gross income; except that there shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this title or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity. In the case of a transfer for a valuable consideration, by assignment or otherwise, of a life insurance, endowment, or annuity contract, or any interest therein, only the actual value of such consideration and the amount of the premiums and other sums subsequently paid by the transferee shall be exempt from taxation under paragraph (1) or this paragraph * * *." Sec. 22(b) (2), Revenue Acts of 1936 and 1938, 26 U.S. C.A. Int.Rev.Acts, pages 825, 1008.

payable at all events independently of the income from a trust estate. The Supreme Court upheld the refusal of the Commissioner of Internal Revenue to allow, in the computation of the taxable income of the trust estate, deduction by the trustees under the will·of amounts paid to the annuitant, who was the widow of the testator. The applicable clause of the Revenue Act, Revenue Act of·1924, Ch. 234, Sec. 219(b) (2), 26 U.S.C.A.Int.Rev.Acts, page 30, was identical with Sec. 162(b) of the Revenue Acts of 1936 and 1938 involved in the instant case. Having asserted in the Butterworth case [54 S.Ct. 222] that "the evident general purpose of the statute was to tax in some way the whole income of all trust estates," the Supreme Court declared in the Pardee case [54 S. Ct. 223]: "Payments to Mrs. Pardee by the fiduciary were not necessarily made from income. The charge was upon the estate as a whole; her claim was payable without regard to income received by the fiduciary. Payments to her were not distribution of income; but in discharge of a gift or legacy. The principle applied in Burnet v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 75 L.Ed. 916, 73 A.L.R. 1534, is applicable. The Commissioner rightly refused to allow the credits claimed by the trustee and the judgment of the court below must be reversed."

Upon· the authority of the Whitehouse and Pardee cases, the Third Circuit Court of Appeals denied a trustee the right to deduct from the taxable income of a trust estate payments made to annuitants, where the trust instrument directed that if· the income of the trust fund was insufficient in any year to pay the annuities in full the trustee should invade the principal. Union Trust Co. of Pittsburgh v. Commissioner of Internal Revenue, 3 Cir., 115 F.2d 86.

The Seventh Circuit Court of Appeals, in Union Trust Co. of Indianapolis v. Commissioner of Internal Revenue, 111 F.2d 60, likewise denied a contention similar to that of the petitioner in the instant case. The controlling factor against the allowance to the executor of an estate of income tax deductions of stipulated annual payments to beneficiaries named in a will was deemed to be the direction by the testator that the payments should be made in any event, regardless of the existence of income. In that case, as in this one, the payments to the beneficiaries were actually made by the fiduciary from the income of the estate, without encroachment upon the corpus.

 The cases reviewed demonstrate that the law is soundly settled against petitioner's first contention.

Nor is the second insistence of the petitioner impressive. The assumption is impelled from mere reading of the language of Section 22(b) (2) of the Revenue Acts of 1936 and 1938 that it applies to amounts received from annuity or endowment contracts only where the obligation to pay the annuity or endowment has been assumed in consideration of the payment of a premium or other valuable consideration. Gratuitous annuities are clearly not within contemplation of the section. In the instant case, none of the beneficiaries paid any consideration whatever to the trustor. We do not understand that the trustor's brother-in-law paid a consideration when he relinquished his right to an annuity under the will of his sister, Mrs. Mason, in consideration of the receipt of a larger annuity from the trust created by her husband, Frank H. Mason; for, in Helvering v. Butterworth, supra, it was held that a widow who relinquished her statutory rights, as such, to accept in lieu thereof the bounty provided for her under her husband's will "in no proper sense" purchased an annuity.

 No merit is found in the third contention of the petitioner to the effect that the amendment of Section 22(b) (3) and Section 162(b), by Section 111 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev. Code, §§ 22(b) (3), 162(b), supports its interpretation of the pre-existing law. It is clear from the Congressional Committee Reports that the law, as declared in Burnet, Commissioner, v. Whitehouse, supra, and in Helvering, Commissioner, v. Pardee, supra, was intended to be changed by the 1942 Act. The view of the Congressional Committees with respect to the law prior to 1942, and the purpose in the enactment of Section 111 of the Revenue Act of 1942, will be found set forth in S. Rep. No. 1631, 77 Cong.2dSess. pp. 59-60,[2] quoted, in material part, below.

---

2 " * * * Under existing law, the value of property acquired by gift, bequest, devise, or inheritance, but not the income therefrom, is excluded from gross income by the provisions of section 22(b) (3) of the Code. This section has been construed as not requiring the exclusion from gross income of amounts received under a gift, bequest or devise of a right to income from property, Irwin v. Gavit,

This Committee Report gainsays the argument of the petitioner that the Congress, in 1942, held any such view of the existing law as would entitle petitioner to deduct from its taxable income payments made under Section 162(b) of the Internal Revenue Acts of 1936 and 1938 to the beneficiaries of the trust involved herein.

The decision of the Board of Tax Appeals is affirmed.

---

1925, 268 U.S. 161, [45 S.Ct. 475, 69 L.Ed. 897]. This construction of the existing law is now written into the bill for the sake of clearness.

"The existing law has also been construed, however, as excluding from gross income amounts received under a gift, devise, bequest, or inheritance of recurrent payments to be made in any event, whether or not out of corpus. Burnet v. Whitehouse, 1931, 283 U.S. 148 [51 S.Ct. 374, 75 L.Ed. 916, 73 A.L.R. 1534]. Although such amounts are not dependent solely upon income as the source of payment, they may be, and frequently are, by direction under the terms of the gift or bequest, paid in whole or in part out of income. Such cases most frequently arise in the case of trusts described as annuity trusts. Because annuities paid by a trust under the terms of a gift or bequest, if not dependent upon income, are excluded under section 22(b) (3) from the gross income of the beneficiary it has been held that the trustee, in computing its net income under section 162, cannot deduct the amount of trust income distributed in payment of such annuity. Helvering v. Pardee, 1933, 290 U.S. 365 [54 S.Ct. 221, 78 L.Ed. 365]. This construction of existing law

results in payment of the tax by the trust upon income received by a beneficiary, and, accordingly, in some cases furnishes an instrument for tax avoidance by the beneficiary and in some cases results in hardship to other beneficiaries whose share of trust income is reduced by the taxes paid for the benefit of another.

"This section, therefore, changes the treatment of gifts, bequests, devises, and inheritances to be paid in any event by treating them, if under the terms of the gift, bequest, devise, or inheritance the payment, crediting, or distribution thereof is to be made at intervals, as gifts, bequests, devises, or inheritances of income from property to the extent that they are paid, credited, or to be distributed out of income from property. Such change will provide the same treatment for amounts paid by a trustee out of the income of a trust in the case of a gift or bequest in terms of a right to such payments at intervals (regardless of income) as in the case of a gift or bequest in terms of a right to income; in neither case will the amounts paid at intervals out of income be excluded under section 22(b) (3) from the beneficiary's income."