## FRANKEL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12889.

Circuit Court of Appeals, Eighth Circuit.

Oct. 2, 1944.

Arnold F. Schaetzle, of Des Moines, Iowa (James M. Stewart, of Des Moines, Iowa, on the brief), for petitioner.

Melva M. Graney, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and Hilbert P. Zarky, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is to reverse a decision of the Tax Court which held that income received by the taxpayer in 1938 and 1939 from a trust created by her deceased husband's will (under which she had elected to take) was taxable to her. She contended before the Tax Court and in this court that the income was taxable only to the trustees.

It appears that the will, after making specific bequests, created a trust to which the testator gave all the residue of his property to be held during the widow's lifetime "and thereafter to be closed as soon as practicable and not later * * * than one year after her death." The Second provision of Item XII of the will required the trustees to pay One Hundred Dollars a month to the testator's sister for her life, and the Third provision of the Item was as follows:

"For and during the period of her natural life, my said Trustees shall pay to my beloved wife, Belle G. Frankel, if she shall survive me, all the rest, residue and remainder of the said net income derived from said Trust Property and Estate in such installments and at such times as my said wife may request, provided, however, and it is my will that in any event my wife shall have and enjoy during each year of her natural life, a net income which together with the net annual income of her own property, shall be not less than Twenty Thousand Dollars ($20,000.00) per annum and should the net income in any one year which my said wife may be entitled to receive from my Trust Estate, when added to the net annual income of her own property, be less than Twenty Thousand Dollars ($20,000.00), then the net income for that year shall be augmented, if my wife shall so request, by adding thereto from the principal of my said Trust Estate such amount or amounts as may be necessary to produce the sum of Twenty Thousand Dollars ($20,000.00), which shall be paid to my beloved wife as above provided."

The income of the trust available for distribution to the beneficiaries amounted to $21,756.70 in 1938, and $22,348.84 in 1939, and was disbursed to the taxpayer after the deduction of $1,200 each year for the sister. The taxpayer's income from her own property exceeded $15,000 in one year and $14,000 in the other.

The Tax Court found the facts as they were stipulated and the grounds of its decision are fully stated in its opinion, 3 T.C. 231. (The dissents of three members are also reported.) After setting forth the applicable statutes and the facts, the opinion states the contention for the Commissioner that "since the trustees were bound to distribute to petitioner all of the residue of the net income of the trust after the payment of $1,200 to decedent's sister, she was merely a beneficiary under the will and the amount distributable to her should be included in computing her net income." It then stated the contention for the taxpayer that "under the terms of the testamen-

tary trust she is guaranteed an annual payment of $20,000; that this constitutes a constant 'threat of corpus invasion'; and, therefore, that she takes as an ordinary legatee and not as an income beneficiary under the will." The Tax Court then carefully reviewed the numerous decisions necessary to be understood and applied in order to solve the problem presented and so arrived at the decision which this court is required to review.

We in our turn have studied the same cases (and some additional citations not found to be controlling) and conclude that the Tax Court has rightly determined the governing standard established by the controlling decisions of the Supreme Court in Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365, and Helvering v. Pardee, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365, and has properly applied it to the concrete facts presented. We think all substantial arguments for the taxpayer are met in the Tax Court's opinion, and no useful purpose would be served by re-writing the matter as an opinion of this court.

The Tax Court's decision is therefore affirmed.