## COLEMAN v. COMMISSIONER OF INTERNAL REVENUE.

No. 8720.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 19, 1945.

Decided Sept. 21, 1945.

Edward J. Griffiths, of Philadelphia, Pa., for petitioner.

Hilbert P. Zarby, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BIGGS and GOODRICH, Circuit Judges, and LEAHY, District Judge.

LEAHY, District Judge.

Petitioner seeks review of a decision of the Tax Court of the United States that she was liable for certain deficiencies and was not entitled to a claimed refund. The Commissioner assessed deficiencies in income taxes against petitioner, Helen W. Coleman, in the sum of $350.96 for the year 1938, $629.33 for the year 1939, and $391.33 for the year 1940. She, in turn, filed claims for refund for the same years in the amounts as follows: 1938, $2301.63; 1939, $2554.63; 1940, $2968.55.

On March 22, 1934, Horace C. Coleman, husband of petitioner, assigned to Pennsylvania Company for Insurances on Lives

and Granting Annuities, Eleanor B. Klemm and Philip F. Coleman, as trustees, certain life insurance policies the proceeds of which were upon his death to be collected and held: "In Trust, from and after the death of the Settlor and during the life of the wife of the Settlor to pay and distribute unto her the net income from the trust estate, and if in any year the net income from the trust estate shall be' less than Twelve Thousand Dollars ($12,000) then upon the written request of the wife of the Settlor lodged with the corporate Trustee, the Trustees shall make payment to the wife of the Settlor out of the principal of the trust estate such sums as may be required upon her request as aforesaid to cause the wife of the Settlor to receive out of the income and/or principal of the trust estate at least the sum of Twelve Thousand Dollars ($12,000) per year, the said annual payments to be made in monthly installments of not less than one thousand dollars ($1,000) each; which payments of income are conditioned upon the wife of the settlor first having filed the necessary election to take under the will of the Settlor, and if the said election shall not be so filed

so that the wife of the Settlor shall be entitled to an interest in the estate of the Settlor under the intestate laws of the Commonwealth of Pennsylvania and not under his will, then her interest in this trust estate, and the net income therefrom shall be thereby terminated and ended."

The Tax Court found the facts as stipulated. See 3 T.C. 943. Horace C. Coleman died August 11, 1936, leaving a will in which he made some additional provision for his wife. On December 18, 1936, she filed her 'election to take under the will and on January 29, 1937 notified the trustees to pay the designated monthly sums regardless of available income.[1] In each of the years 1938, 1939 and 1940, the income was insufficient to meet the payments of $1,000 a month and the remainder was paid out of corpus.

Determination of the question involved is dependent upon whether the annual *income* which petitioner received from the trust created by her husband is taxable to her or is taxable against the trustees and payable by them under the provisions of the Revenue Act of 1938.[2] Respondent contends the payments to taxpayer were

---

[1] Her direction to the corporate trustee reads:

"In accordance with the terms of the Horace C. Coleman Insurance Trust, I hereby request the Trustees of said trust estate to pay over to me $12,000.00 per year in monthly installments of $1,000.00 each.

"If the net income of the trust estate does not amount to $12,000 in any year, I request that such sums as may be required to make up that amount be taken out of the principal of the trust estate."

[2] The pertinent provisions of the Regulations and the Revenue Act of 1938, in force for the years covered by the taxes here involved, provide as follows:

Sec. 161(b) of the Revenue Act of 1938, 52 Stat. p. 517, 26 U.S.C.A. Int.Rev.Acts, page 1080, provides, with reference to taxes on estates and trusts:

"Computation and payment.—The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for the benefit of the grantor)."

Sec. 162 of the Revenue Act of 1938, 52 Stat. p. 517, 26 U.S.C.A. Int.Rev.Acts, p. 1081, provides:

"Sec. 162. Net Income.

"The net income of the estate or trust shall be computed in the same manner and

on the same basis as in the case of an individual, except that—

* * * * * * *

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not."

Sec. 22(b) (3) of the Revenue Act of 1938, 52 Stat. p. 458, and Sec. 22 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 22(b) (3), provide:

"Sec. 22. Gross income * * * (b) Exclusions from gross income. The following items shall not be excluded in gross income and shall be exempt from taxation under this chapter: * * *

"(3) Gifts, bequests, and devises. The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)."

Regulations 103. Sec. 19, 162-1, provides:

"From the gross income of the estate or trust there are also deductible (either in

properly taxable to her because they were payments of income made pursuant to a provision of a testamentary trust which gave her "the net income from the trust estate." [3] Respondent argues further that the provision requiring the beneficiary to file a written request made the gift a contingent one of an uncertain amount and did not change her status from an income beneficiary to that of a legatee.

1. The main question is what was the nature of the gift. The trust indenture makes this a gift of a definite sum payable at stated intervals; and the intention of the testator is that the sum is to be payable in any event, regardless of the existence of income. The direction to the trustees is mandatory upon the performance by the beneficiary of two conditions: first, she must file an election to take under the will; and second, she must file a request that payment be made out of principal so far as necessary to make up the required amounts. Since the beneficiary performed both conditions, the trustees had no choice but to make the payments in any event. It is clear, then, the testator intended the gift to be satisfied out of principal if the income proved insufficient, despite the fact

that he first gave her the "net income from the trust estate."

Burnet v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 375, 75 L.Ed. 916, 73 A.L.R. 1534, governs. There testator bequeathed to a Mrs. Whitehouse for life an annuity of $5,000, payable half-yearly. The executors were to "provide for the payment and satisfaction of any annuity given by me." In sustaining the taxable's claim, the Supreme Court said: "As held below, the bequest to Mrs. Whitehouse was not one to be paid from income, but of a sum certain, payable at all events during each year so long as she should live. It would be an anomaly to tax the receipts for one year and exempt them for another simply because executors paid the first from income received and the second out of the corpus." The Whitehouse case was followed by Helvering v. Pardee, 290 U.S. 365, 370, 54 S.Ct. 221, 78 L.Ed. 365, and Union Trust Company v. Commissioner, 7 Cir., 111 F.2d 60, 62.[4] We augmented that following in Union Trust Co. v. Commissioner, 3 Cir., 115 F.2d 86, where the trustee was directed to make monthly payments to various persons, and if the income in any year was insufficient for that purpose the deficit should be made up from

---

lieu of, or in addition to, the deductions referred to in the preceding paragraph of this section) the following:

\* \* \* \* \* \* \*

"(2) Any income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to a beneficiary, whether or not such income is actually distributed.

"(3) Any income of the estate of a deceased person for its taxable year which is properly paid or credited during such year to a legatee or heir, and any income either of such an estate or of a trust for its taxable year which is similarly paid or credited during that year to a legatee, heir, or beneficiary if there was vested in the fiduciary a discretion either to distribute or to accumulate such income.

\* \* \* \* \* \* \* \*

"Any amount described in paragraph (2) or (3) of this section as being deductible from the gross income of the estate or trust shall be included in computing the net income of the legatees, heirs, or beneficiaries, whether distributed to them or not."

[3] In each of the years from 1938 to 1940 the petitioner received $12,000, which included distribution from principal as follows: 1938—$1,318.82; 1939—$950.00; 1940—$750.00. The Commissioner states "that in this case the only amounts exempt as bequests under Sec. 22(b) (3) are

the payments of corpus actually made." The fiduciary return of the trustees for 1938 shows income taxable to petitioner in the amount of $10,871.25 and for 1939 $10,958.88, which sums were included in taxpayer's returns for those years. The fiduciary's 1940 return showed income taxable to petitioner in the amount of $11,321.41; but petitioner included in her return for that year $11,320.40. Petitioner, here, seeks refund on all taxes paid by her on income paid to her from the trust established by her deceased husband.

[4] In Union Trust Company v. Commissioner, supra, testator directed that an annual sum in monthly installments should be paid to beneficiaries from income of his residuary estate, any deficiency to be made up out of the corpus, "to be discharged from future income as and when income in sufficient amounts is realized." It was held that payments made by the trustee to beneficiaries were not deductible by the trustee even though payments were actually made from the income, since the bequests constituted a charge on the corpus, notwithstanding the charge against future income. In reaching this result the court said: "Thus, the controlling factor seems to be that the decedent directed the payments to be made in any event, regardless of the existence of income."

principal. The income exceeded the amount of the charged payments in the year in question. We held, nevertheless, that the trustee could not, under § 162(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 162(b), deduct amounts so paid on the ground that the payments were distribution of income. Subsequently, Frank H. Mason Trust v. Commissioner, 6 Cir., 136 F.2d 335, likewise denied a contention similar to that of the Commissioner in the instant case. It is clear from these cases that where, as here, payments are to be made to the beneficiary in specified amounts and at stated intervals at all events, regardless of the existence of sufficient income, they are to be treated as made in discharge of a gift and not as distribution of income. In such situations, the trust estate and not the beneficiary must pay the tax. The degree of probability of invasion of corpus is wholly immaterial. The important thing is that the payments are made and charged against the estate payable in all events, and nothing turns on the fortuitous circumstance of whether the corpus was in fact invaded.

2. The sole remaining question is whether the rule is not applicable because the beneficiary here was required by the terms of the trust to perform the two mentioned conditions. The condition that the beneficiary file an election to take under the will in lieu of her statutory rights can not control; this has already been decided in the Pardee case, supra. The second condition for notice to the trustees in the absence of sufficient income is likewise irrelevant. Since both conditions were met, there was no discretion in the trustees. It was mandatory upon them to pay the stated sums in any event. There is no difference in substance between directing trustees to make up regular stipulated payments and directing them to do so upon the happening of a contingency, to-wit, the filing of a request to that effect by the beneficiary, for once the request is filed there is in effect a

true direction to make the payments in any event, regardless of the existence of income. The gift here, then, is substantially similar to the gifts in the cases cited.

3. An opposite result has recently been reached in Frankel v. Commissioner, 8 Cir., 144 F.2d 1023. It is unnecessary to consider whether the Frankel case is distinguishable, as petitioner contends it is, for the present question is controlled, we believe, by the Whitehouse case and our former views in Union Trust Co. v. Commissioner, supra. Our conclusion would appear to be reenforced by the enactment of Sec. 111 of the Revenue Act of 1942, c. 619, 56 Stat. 798, 809, 810 (amending Secs. 22(b) (3) and 162 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Acts, which provides that beginning with the taxable year 1942, in all cases the legatee may be taxed to the extent that income is actually distributed to him.[5] The Congressional Committee Reports show clearly that the law, as declared in the Whitehouse and Pardee cases, supra, was intended to be changed by the 1942 amendment.[6]

The conclusion is the tax on the payments made is chargeable against the trustees and the petition for refund by the beneficiary should be allowed.

Reversed.

BIGGS, Circuit Judge (concurring).

The decision of the Tax Court in the case at bar recommends itself for it provides that income paid to a beneficiary is taxable to him as such. The decision should be affirmed in view of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, and Commissioner v. Scottish American Investment Company, Ltd., 323 U.S. 119, 65 S.Ct. 169, were it not for the legislative and judicial history of the language contained in Sections 22(b) (3) and 162(b) of the Revenue Act of 1938.

It is unnecessary to state that history in full. The following is a resumé. In the

---

[5] The pertinent part of the Section is as follows:

"(1) Amounts distributable out of income or corpus. In cases where the amount paid, credited, or to be distributed can be paid, credited, or distributed out of other than income, the amount paid, credited, or to be distributed (except under a gift, bequest, devise, or inheritance not to be paid, credited, or distributed at intervals) during the taxable year of the estate or trust shall be considered as income of the estate or trust which is paid, credited, or to be distributed if the aggregate of such amounts so paid, credited, or to be distributed does not exceed the distributable income of the estate or trust for its taxable year."

[6] The view of the Congressional Committee with respect to the law prior to 1942, and the purpose of the amendment, is set forth in S.Rep.No.1631, 77 Cong., 2d Sess., pp. 59, 60.

majority opinion in Irwin v. Gavit, 1925, 268 U.S. 161, 168, 45 S.Ct. 475, 476, 69 L. Ed. 897, Justice Holmes stated: "This is a gift from the income of a very large fund, as income. It seems to us immaterial that the same amounts might receive a different color from their source." The Income Tax Act of 1913, Section II, A, Subdivisions 1 and 2; B, D, and E, 38 Stat. 166 et seq., was under consideration. Mr. Justice Sutherland and Mr. Justice Butler dissented, relying on United States v. Merriam, 263 U.S. 179, 184, 44 S.Ct. 69, 68 L. Ed. 240, 29 A.L.R. 1547, and stated: "The money here sought to be taxed was not the fruits of the legacy; it was the legacy itself." The nature of the difference of opinion in the Supreme Court was clear.

In 1927 in Whitehouse v. Commissioner, 7 B.T.A. 600, the Board of Tax Appeals, holding Irwin v. Gavit to be inapplicable, concluded that where a testator gave an annuity to a beneficiary under his will with no express direction to his executors to pay the annuity out of the corpus of his estate, the payment was exempt from income tax by the annuitant under the provisions of Section 213(b) (3) of the Revenue Act of 1921, 42 Stat. 237, Member Smith dissented placing his conclusion squarely on Irwin v. Gavit. The decision of the Board as to Whitehouse was affirmed by the Circuit Court of Appeals for the First Circuit, Commissioner of Internal Revenue v. Whitehouse, 38 F.2d 162, and by the Supreme Court in Burnet v. Whitehouse, 1931, 283 U.S. 148, 51 S.Ct. 374, 376, 75 L.Ed. 916, 73 A.L.R. 1534.

Mr. Justice McReynolds stated: "Irwin v. Gavit is not applicable. The bequest to Gavit was to be paid out of income from a definite fund. If that yielded nothing, he got nothing. This court concluded that the gift was of money to be derived from income and to be paid and received as income by the donee. Here the gift did not depend upon income, but was a charge ['a sum certain'] upon the whole estate during the life of the legatee to be satisfied like any ordinary bequest." The fact that Mrs. Whitehouse had received only income from corpus and nothing from corpus itself was deemed immaterial.

Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365, and Helvering, Commissioner v. Pardee, 290 U.S. 370, 54 S.Ct. 221, 78 L.Ed. 365, followed in 1933. Irwin v. Gavit threw no shadow after the dissenting opinion of Mr. Chief Justice Hughes in the Pardee case.

Approximately nine years later by the enactment of Section 111 of the Revenue Act of 1942, Congress amended Sections 22(b) (3) and 162 of the Internal Revenue Code and provided that a legatee should be taxed to the extent that income is actually distributed to him. The legislative history of the amendatory provisions of the 1942 Act demonstrates that Congress accepted the interpretation of the law laid down by the Supreme Court in the Whitehouse, Butterworth and Pardee decisions.

In 1944, the case of Belle Goldstine Frankel came before the Tax Court. See Frankel v. Commissioner, 3 T.C. 231. The majority (three judges dissenting), reviewing the provisions of Section 162(b) of the Revenue Act of 1938 and the decisions, concluded that where a testator had created a trust of the residue of his estate with the income therefrom payable to his widow with the right to supply any deficiency in the stated annuity of $20,000 from corpus at the request of the beneficiary, the widow having elected to take under the will in lieu of her statutory rights, the income from the trust was taxable to her. Mrs. Frankel apparently had not requested that her annuity be augmented from principal when necessary. In the taxable years in question (and insofar as the reports show in every other year) it had been unnecessary to take principal in order that Mrs. Frankel might receive the stated annuity. Judge Mellott distinguished the Whitehouse, Butterworth and Pardee decisions on the ground that Mrs. Frankel was not to receive a sum certain; viz., $20,000 payable periodically but might receive more since the income from the residue might amount to more. The Tax Court in effect turned the law back to Irwin v. Gavit. The decision was affirmed in 8 Cir. 144 F.2d 1023. Cf. Union Trust Co. v. Commissioner, 3 Cir., 115 F.2d 86.

The decision of the Tax Court in the Frankel case ruled its decision in the case at bar. There is no material difference between the facts of the two cases save that in the instant case it was necessary in each of the taxable years in question to augment income by additions from corpus in order that Mrs. Coleman might receive the full amount of the stated annuity and she had made the request in accordance with the provisions of the will that the income be thus augmented.

The Supreme Court in the Pardee case made it plain that if an "annuity" was created, as in the Frankel case and the case at bar, payable if necessary from the corpus of the trust, payments to the beneficiary may not be treated as payments of income even if that is what they are. Mrs. Frankel and Mrs. Coleman were as much entitled to a sum certain payable in all events as were Mrs. Whitehouse and Mrs. Pardee.

The logic of Irwin v. Gavit and of Mr. Chief Justice Hughes dissenting opinion in the Pardee case seems unassailable, but the important consideration is that the decisions of the Supreme Court in the Whitehouse, Butterworth and Pardee cases may not be deemed to represent a "sport" [1] in the law and the older ruling of Irwin v. Gavit be now held to be governing. Congress has recognized the rule of these decisions as the law and has passed legislation amending the provisions of Section 162 of the Internal Revenue Code. The rule of stare decisis should be adhered to in the case at bar.

Since the decision of the Tax Court in the instant case is on all fours with its decision in the Frankel case the Tax Court decision in the instant case need not be discussed here.

For the reasons stated I concur in the majority decision.

I am authorized to state that Judge Goodrich concurs in the views expressed in this opinion.

---

[1] See Screws v. United States, 65 S.Ct. 1031, citing Mahnich v. Southern S. S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561.