**SMITH v. WESTOVER, Collector of Internal Revenue.**

Civ. No. 8060.

United States District Court
S. D. California, C. D.

Feb. 20, 1950.

---

1. Article VII of the will reads as follows: "Article VII Definition Of Net Income:

Ralph W. Smith, Los Angeles, Cal., for the plaintiff.

James M. Carter, United States Attorney, E. H. Mitchell, Assistant U. S. Attorney, Los Angeles, Cal., for the defendant.

HALL, District Judge.

Plaintiff's deceased father created a trust by will. It defined "net income" as the gross income received from trust properties less trust expenses, and provided that such net income during the life of the plaintiff should be added to the corpus of the trust and thereafter "considered as principal of said trust." It was further provided that the trustees were to pay plaintiff annually five percent of the fair market value of the corpus of the trust, which was to be determined annually upon appraisal in the manner set forth in the will.[1]

From the gross income received and derived from the trust properties and/or

In 1944 the net income of the trust was $24,348.14, and there was distributed to the plaintiff for that year under the trust the sum of $18,356.36, which was equivalent to 5% of the fair market value of the corpus of the trust as computed under the provisions of the trust. The latter sum was deducted by the trust in its tax return, but was included in the gross income of the plaintiff in computing her individual income tax for the year 1944.

Plaintiff seeks herein to recover that portion of her 1944 income tax which was paid upon the calculation which included

from the principal thereof, if the Trustees deem that necessary, said Trustee shall first fully pay and discharge any and all taxes, assessments (both general and special), including governmental charges and costs, attorneys' fees, expenses and liabilities incurred by them as such Trustees, or to which they may be entitled or which they may incur in connection with the care, administration, management, protection, preservation or distribution of said trust property, including a reasonable compensation to said Trustees for their services as Trustees hereunder. The remaining income shall be net income, withheld, accumulated or payable as follows:

"(a) The net income received and derived from the trust estate shall be by my said Trustees, during the natural life of my daughter, Margaret Bryan Smith, retained by them and as and when received immediately added to the principal or corpus of the said trust and thereafter such income and profits shall be considered as principal of said trust.

"(b) My said Trustees, beginning from the date of the distribution of my estate to them as Trustees, shall pay each year in convenient installments, monthly if possible, to my said daughter, Margaret Bryan Smith, during the term of her natural life, five per cent (5%) of the fair market value of the corpus of said trust. In determining the fair market value of the corpus of said trust and the percentage thereof herein directed to be paid to my said daughter, the said Trustees yearly on the anniversary date of my death shall cause to have the then trust corpus appraised by a banking institution.

John B. Bryan
Page Eight.

or trust company in the County of Los Angeles, and for the year immediately following shall accept this said appraisal and pay to my said daughter five per cent (5%) thereof for each respective annual period. Upon the unanimous consent of the Trustees the Corporate Trustee may act as the appraiser.

"(c) From and after the death of my said daughter, it is then my wish and I direct that the surviving Trustee pay and distribute the entire net income from said trust estate in equal parts, share and share alike, to the then living children of my said daughter and the issue of any one of them who may have deceased, per stirpes, and to the lineal descendants of any deceased issue of theirs by right of representation, so long as the last one of the children of my said daughter, to wit, Grace Patricia Smith and Margaret Joan Smith, now living shall live.

"(d) In the event that any one or more of the children now born or hereafter to be born to the said Margaret Bryan Smith should decease without issue or lineal descendants of issue her or him surviving or should leave issue and the said issue become extinct, the share of the net income of the surviving child or children of the said Margaret Bryan Smith and the issue of any deceased child and lineal descendants of any deceased issue, per stirpes, shall be equally augmented thereby.

"(e) Upon the death of the last living one, to wit, the last survivor of my daughter, Margaret Bryan Smith, and her now living children, Grace Patricia Smith and Margaret Joan Smith, it is then my wish and I direct that this trust must cease and terminate and my then Trustee forthwith transfer.

John B. Bryan
Page Nine.

grant, assign, and deliver, in equal parts and shares, the then corpus and all undistributed income of said trust estate to the then living issue, per stirpes, of my daughter, Margaret Bryan Smith, and lineal descendants of any deceased issue of my said daughter, the lineal descendants taking by right of representation, thus winding up and forever terminating this trust. Should, at the time of the termination of this trust, no issue of my said daughter or lineal descendants of any deceased issue be then living, I then direct that the corpus of said trust, together with all accumulated income, be distributed to the then living blood heirs of Margaret Bryan Smith, to be determined by the laws of succession of the State of California, now in force and effect."

said $18,356.36 in her gross individual income. Her contention rests upon the claim that the sum received was a bequest of principal of the trust and not a distribution of income. Both parties agree that if this is true the plaintiff is entitled to recover.

The plaintiff argues strenuously that under the law of California the provisions of the will make the income of the trust corpus, and that hence whatever was paid to the plaintiff was not from income and was not taxable to her as income. Doubtless that is true for all purposes of California law. On that I express no opinion, because the Federal Statute controls, if applicable.

Sec. 162(d) was enacted as part of the Internal Revenue Act of 1942, 26 U.S.C.A. § 162(d). As stated in Coleman v. Commissioner, 3 Cir., 151 F.2d 235, at page 238 "The Congressional Committee Reports show clearly that the law, as declared in the Whitehouse [Burnet v. Whitehouse, 283 U.S. 148, 149, 51 S.Ct. 374, 75 L.Ed. 916, 73 A.L.R. 1534] and Pardee [Helvering v. Pardee, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365] cases, * * * was intended to be changed by the 1942 amendment." The constitutionality of that Section is not challenged by the plaintiff. Sudbivision (1) thereof, 26 U.S.C.A. § 162 (d) (1), is directly applicable here. The pertinent portion of that section reads as follows:

"Amounts distributable out of income or corpus. In cases where the amount paid, credited, or to be distributed can be paid, credited, or distributed out of other than income, the amount paid, credited, or to be distributed * * * during the taxable year of the estate or trust shall be considered as income of the estate or trust which is paid, credited, or to be distributed if the aggregate of such amounts so paid, credited, or to be distributed does not exceed the distributable income of the estate or trust for its taxable year."

■ . Under the plaintiff's theory there can be no "distributable income" to the plaintiff because of the provisions requiring the income to be added to the corpus and that 5% of the total be distributed to the plaintiff. The Statute must be read in light of the intention of Congress. Or as Justice Cardozo so aptly put it in Burnet v. Wells, 289 U.S. 670, at page 675, 53 S.Ct. 761, at page 763, 77 L.Ed. 1439: "One can read in the provisions of the Revenue Acts the record of the Government's endeavor to keep pace with the fertility of invention whereby taxpayers had contrived to keep the larger benefits of ownership and be relieved of the attendant burdens."

■ To accede to the plaintiff's contention would be to not only disregard the plain intent of Congress, but also to misconstrue the language of the Statute. A provision in a will cannot change the character of the actual earnings of a trust estate after death of the testator under the Internal Revenue laws by simply changing the name of the earnings from income to corpus either upon the receipt of the earnings or at the time of an annual appraisal. As I read the Statute it comes to this: if there actually was income, and if any money was distributable, and the money distributable, and distributed, was less than the income, then it was "distributable income" within the meaning of the Statute, and is taxable to the recipient.

Under such construction there would be no actual invasion of the corpus of the trust as it existed on the date of death, and thus no double taxation.

■ In the instant case the trust actually earned and received as gross income during the year 1944, the sum of $26,663.91, from which costs and expenses were deducted leaving a net income of $24,348.41. The will recognizes that the earnings would be "gross income", and that there would be "net income", as it provides in so many words that, *"From the gross income * ** the Trustees shall first fully pay and discharge any and all"*, taxes, costs, attorney fees, expenses and the like, and that, "The *remaining income* shall be *net income* withheld, accumulated or *payable*" to the plaintiff as hereinbefore indicated during her lifetime, with other provisions for payment after her death of the income. The five per cent (5%) payable to the plaintiff for the year 1944 was the sum of

$18,356.36. It was "distributable" and was distributed to the plaintiff. It was a sum less than the "net income" of the trust, and did not require an invasion of the corpus of the trust as it existed on the date of the testator's death, and is thus taxable to the plaintiff under the terms of Section 162(d), (1), of the Internal Revenue Code.

Judgment will be for the defendant, who will prepare the customary Findings, Conclusions and Judgment.