## HARPER et al. v. GRANGER.

### Civ. No. 7529.

United States District Court
W. D. Pennsylvania.

Aug. 21, 1951.

Philip R. McLaughlin, Alex A. Garroway, and Campbell, Houck & Thomas, Pittsburgh, Pa., for plaintiffs.

Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., Theron Lamar Caudle, Asst. Atty. Gen., for defendant.

STEWART, District Judge.

Herman A. Harper and Helen S. Harper, his wife, bring this action to recover additional income taxes and interest thereon paid by them for the years 1943 and 1944. The case is submitted upon a stipulation of facts entered into by the parties. J: Frank Harper died October 13, 1940, leaving a last will and testament in which he devised and bequeathed to his son, Herman A. Harper, his residuary estate. The residuary estate included several lots which had been used by the testator in the business of selling building supplies and coal which he conducted in his lifetime with his son, Herman. The residuary estate also included various equipment which was used in the business. The testator gave to his wife, Mary H. Harper (Herman's stepmother), an annuity of $100 per month for life and the right to occupy, free of taxes, insurance and maintenance, residence property at

No. 1302 Vance Avenue, Coraopolis, in which he owned an undivided one-half interest and Herman A. Harper, the other half. The annuity in favor of his widow was charged against the real estate of the testator which included the testator's one-half interest in the Vance Avenue residence, as well as the business property. The pertinent sections of the Will of Frank A. Harper are set forth in the Stipulation (Stip., para. 6). Herman A. Harper continued to operate the business and used the real estate, other than the residence property, as it had been in the lifetime of his father. The widow during the years in question occupied the residence property without expense to her and received from her stepson, Herman A. Harper, the annuity payments of $100 per month as provided in the Will. In the 1942–1943–1944 income tax returns filed jointly by Herman A. Harper and Helen S. Harper, his wife, the taxpayers returned as rent for the business properties $1,200 each year, deducted this amount as a business expense and then deducted the $1,200 yearly annuity paid to the widow, Mary H. Harper. The Collector disallowed this deduction and added the sum of $1,200 to the net taxable income as reported by the taxpayers resulting in the assessment of additional tax for the years 1943 and 1944. It is this additional assessment, together with interest, which the taxpayers seek to recover.

The taxpayers contend that Section 22 (b)(3) of the Internal Revenue Code, 26 U.S.C. § 22, entitles them to the deduction. This section provides:

"Sec. 22. Gross income

\* \* \* \* \* \*

(b) *Exclusions from gross income.* The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

\* \* \* \* \* \*

"(3) [As amended by Section 111(a), Revenue Act of 1942, c. 619, 56 Stat. 798] *Gifts, bequests, devises, and inheritances.* The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property."

Section 111 of the Revenue Act of 1942, 56 Stat. 798, 809, 810, amended Sections 22(b)(3) and 162 of the Internal Revenue Code, 26 U.S.C. §§ 22(b)(3), 162, so as to make annuity payments to the extent that they are actually paid from income taxable to the distributee and deductible by the trustee or other person making such payments. This represented a definite change in the law. Coleman v. Commissioner, 3 Cir., 151 F.2d 235, at page 238; Townsend v. Commissioner, 12 T.C. 692, at page 694, affirmed 6 Cir., 181 F.2d 502. Prior to the 1942 amendments, it was generally held that an annuity could not be taxed as income to the distributee even though the income for the taxable year was adequate to make the payment, unless the trust instrument specifically directed payment from income. Merton's Law of Federal Income Taxation, Vol. 6, § 36.80.

The question for determination by the Court is, therefore, whether the annuity payments in this case were in fact made out of income from property. The taxpayers contend that income was derived from the business property, such income being the fair rental value thereof. They contend that the business lots were used as an integral part of the business from which Herman A. Harper derived the great majority of his income. It may be conceded that the business lots were used for the taxpayers' business, but this does not establish that they produced "income from property" within the provisions of Section 22 (b)(3) of the Internal Revenue Code. The business, not the property, produced the income. The device of the taxpayer in setting up the fair rental value of this property as income is wholly fictitious. A taxpayer may not by charging himself rent for property which he owns create

income from such property. By such a device, he is in effect treating his business as a separate legal entity which it clearly was not.

Counsel for the taxpayers in his brief devotes a great deal of space to the difficult question of whether Herman A. Harper was personally liable for the payment of the annuity to his stepmother. It is contended that Herman A. Harper is not so liable. Counsel for the Collector strongly urges that there is a personal liability on Harper. We think this question is entirely immaterial to the determination of this case. The sole question before the Court is whether the property in question produced income which in turn was used to pay the annuity. We hold that it did not. Likewise, the extensive discussion as to whether the fair rental value of the business property is admissible is beside the point.

The action will be dismissed and judgment will be entered for the defendant.