FERGUSON ALUMINUM
CORPORATION,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 88–1642.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1988.

Decided Dec. 21, 1988.

Gerald Tockman, St. Louis, Mo., for petitioner.

Joseph Bornong, Washington, D.C., for respondent.

Before FAGG and WOLLMAN,
Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

Ferguson Aluminum Corporation (Ferguson) petitions for review of an order of the National Labor Relations Board (Board) directing it to bargain with the United Steelworkers of America, AFL–CIO–CLC (Union). The Board cross-petitions for enforcement of its order. We enforce the order.

■ Ferguson contends the Board improperly certified the Union as the exclusive bargaining representative of its workers because threats of violence prevented a fair election. Ferguson, however, failed to file an exception to the hearing officer's supplemental recommendation that the claimed threats did not justify setting aside the election. The Board later adopted the uncontested supplemental recommendation and certified the Union. *See* 29 C.F.R. § 102.69(f) (1987). Because no extraordinary circumstances exist to excuse Ferguson's failure to obtain Board review by filing an exception, Ferguson's claim is not preserved for appellate review. *See* 29 U.S.C. § 160(e); *NLRB v. L & B Cooling, Inc.,* 757 F.2d 236, 240 (10th Cir.1985); *NLRB v. Wagner Elec. Corp.,* 586 F.2d 1074, 1076 & n. 2 (5th Cir.1978); *see also Wright Memorial Hosp. v. NLRB,* 771 F.2d 400, 406 (8th Cir.1985).

■ Ferguson also contends the Board improperly certified the Union because two of the voting workers were illiterate. We disagree. The record fully supports the Board's view that the two workers understood the ballot. Although Ferguson had

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

an opportunity to present contrary evidence during the Board's underlying investigation, it failed to do so. Thus, we believe the Board acted within its discretion in certifying the Union. *See Wright Memorial Hosp.*, 771 F.2d at 403. We also agree with the Board that a hearing was not required on the issue of the workers' illiteracy. *See Nabisco, Inc. v. NLRB*, 738 F.2d 955, 957 (8th Cir.1984).

Accordingly, we enforce the Board's order.